UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBERT HOWARD | Case No. 3:17-cr-40-RLY-MPB-11<br>ORDER ON MOTION FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c)(1)(A) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:17-cr-00040-RLY-MPB |
| ROBERT HOWARD, | ) -11 |
| Defendant. | ) |

# ORDER

Defendant Robert Howard has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). *United States v. Howard*, 3:17-cr-00040-RLY-MPB-11, dkt. 634. Mr. Howard asks the court to reduce his sentence to time served.[1] *Id.* The United States argues, in part, that Mr. Howard's motion is barred by the terms of his plea agreement. Dkt. 637 at 10-11. For the reasons stated below, Mr. Howard's motion is **denied**.

## I. Background

In April 2019, Mr. Howard executed a petition to enter plea of guilty and plea agreement. Dkt. 448. In this plea agreement, Mr. Howard agreed to plead guilty to one count of conspiracy to

---

[1] To the extent Mr. Howard's motion also asks for a recommendation of home confinement under 18 U.S.C. § 3624(c)(2), *see* dkt. 634 at 32-33, the court does not have authority to directly transfer him to home confinement. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (holding that the district court lacks authority to transfer an inmate to home confinement; instead, "the [BOP] (and, under the CARES Act, the Attorney General) has plenary power over its inmates' placement"); *see also United States v. Williams*, 829 F. App'x 138, 139-40 (7th Cir. 2020) (noting the CARES Act "carved out no role for the courts" in determining whether a defendant is a "suitable candidate" for home confinement). The court also declines to enter a recommendation as to whether Mr. Howard should be transferred to home confinement because the Bureau of Prisons is better situated to determine whether any such transfer should be made.

distribute methamphetamine. *Id.* at 1-2. He admitted participating in a conspiracy that distributed at least 4.5 kilograms of methamphetamine ice in a little over a year. *Id.* at 7-8. In Paragraph 21 of the plea agreement, Mr. Howard agreed "not to contest, or seek to modify, [his] . . . sentence . . . in any proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255. *Id.* at 10.

The court conducted a change of plea hearing for Mr. Howard and accepted his guilty plea. Dkt. 451. In September 2019, the court sentenced Mr. Howard to 180 months' imprisonment and five years' supervised release. Dkt. 538; *see also* dkt. 539. Judgment was entered on September 11, 2019, dkt. 539, and Mr. Howard did not appeal his conviction or sentence.

On February 1, 2021, Mr. Howard filed a pro se motion asking the court to reduce his sentence to time served. Dkt. 634. The United States responded, dkt. 637, and Mr. Howard has replied, dkt. 646.

## II. Discussion

The First Step Act was enacted on December 21, 2018. *See* 132 Stat. 5194 (2018). As relevant here, § 603 of the First Step Act allows the court to reduce a sentence upon motion of the defendant if the defendant shows an "extraordinary and compelling reason" warranting a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i).  Before enactment of the First Step Act, only the Bureau of Prisons could bring a motion for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A) (effective Nov. 2, 2002 to Dec. 20, 2018).

In his motion for compassionate release, Mr. Howard asks the court to grant his request for compassionate release because his medical conditions combined with the risks presented by the COVID-19 pandemic create an "extraordinary and compelling reason" for a sentence reduction within the meaning of 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 634 at 2. In its response, the United

States argues that Mr. Howard waived his right to seek a sentence modification based on the terms of his plea agreement. Dkt. 637 at 10-11. In reply, Mr. Howard contends that the waiver should not apply because Congress made the courts "the final arbiters of compassionate release motions." Dkt. 646 at 3-4.

Mr. Howard's motion for compassionate release must be denied because it is barred by the plain terms of his plea agreement. The Seventh Circuit recently held that a waiver of the right to file a motion under § 3582 was enforceable against a defendant who signed his plea waiver after the First Step Act was enacted but later attempted to file a motion for compassionate release under § 3582(c)(1)(A). *See United States v. Bridgewater*, 995 F.3d 591, 595–602 (7th Cir. 2021). Mr. Howard's plea waiver plainly bars any attempt to file a § 3582 motion, and he signed his plea agreement after enactment of the First Step Act. Thus, under *Bridgewater*, his motion for compassionate release must be denied as barred by his plea agreement.

Mr. Howard's argument that his plea waiver is not binding because the court is the final arbiter of a compassionate release motion is inapposite. The plea waiver does not usurp the court's authority to rule on a compassionate release motion. Rather, it prohibits Mr. Howard from filing a compassionate release motion. Mr. Howard knowingly and voluntarily executed the plea agreement, *see* dkt. 451, and thus he is bound by its terms.

### III. Conclusion

For the reasons explained above, Mr. Howard's motion for compassionate release, dkt. [634], is **denied**.

IT IS SO ORDERED.

Date: 10/04/2021

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Robert Howard, #06239-028
FCI Greenville
Federal Correctional Institution
P.O. Box 5000
Greenville, IL 62246

All Electronically Registered Counsel